IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § § | |
| V. | § § | CASE NO.  3:21-CR-00159-N |
| SHAUN MARQUS ROBINSON | § | |

## MOTION TO DISMISS

TO THE HONORABLE CHIEF UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant, **SHAUN MARQUS ROBINSON**, by and through his undersigned counsel, hereby files this Motion to Dismiss and moves this Court should dismiss Count 1 of the indictment because the "possess" prong of 18 U.S.C. § 922(g)(1) violates the Second Amendment and exceeds Congress's powers under the Commerce Clause.

### I.     BACKGROUND

The grand jury alleged that, on or about April 7, 2021, Mr. Robinson violated 18 U.S.C. § 922(g)(1) and § 924(a)(2). Section 922(g)(1) provides, in pertinent part:

> *(g) It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.*

18 U.S.C. § 922(g)(1). However, Mr. Robinson maintains that the statute under which he is charged is unconstitutional under both the Second Amendment and the Commerce Clause of the United States Constitution.

### II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides that "[a] party may raise by pretrial

motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting a court to rule on a motion involving factual issues provided the court states its essential findings on the record). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *Flores*, 404 F.3d at 325.

### III.     ANALYSIS

This Court should dismiss Count 1 of the indictment because the "possess" prong of 18 U.S.C. § 922(g)(1) violates the Constitution. First, it violates the Second Amendment. Second, it exceeds Congress's powers under the Commerce Clause.

**A.     Section 922(g)(1)'s possession prong is unconstitutional under the Second Amendment.**

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II.

Before *Bruen*, "the Courts of Appeals have coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2125 (2022). First, courts would determine whether the regulation fell within the scope of the Second Amendment right, looking to the text and historical tradition to inform their analysis. *United States v. McGinnis*, 956 F.3 747, 754 (5th Cir. 2020). If the regulation was outside the scope of the Second Amendment, then the law was constitutional. *Id*. If it was inside the scope of the Second Amendment, courts would

apply means-end scrutiny to assess its constitutionality. *Id*.

However, in *Bruen*, Justice Thomas stated the two-step approach was "one step too many." *Bruen*, 142 S.Ct. at 2127. In its place, Justice Thomas enumerated a new standard courts must follow:

> *[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."*

*Id*. at 2126. Under *Bruen*, the government has the burden to establish a historical provenance for any firearms restrictions. *See Id*. If the government cannot satisfy that burden, the restriction is unconstitutional. *See Id*.

Mr. Robinson is charged with violating 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to . . . possess any firearm or ammunition . . . which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Applying *Bruen's* standard, the Second Amendment's plain text covers the "possess[ion]" of a firearm that Section 922(g)(1) criminalizes. "[T]he Second Amendment's plain text covers" the "conduct" prohibited by § 922(g)(1)'s possession prong, and "the Constitution presumptively protects that conduct." *See Bruen*, 142 S. Ct. at 2129.

Ex-felons are among "the people" protected by the First, Second, and Fourth Amendments to the Constitution. Section 922(g)(1)'s possession prong entirely deprives them of the right to possess firearms for self-defense, in the home or elsewhere. After conviction, ex-felons are restored to the rights of citizenship and retain their place among "the people" who

are entitled to the protections of the First, Second, Fourth, Ninth, and Tenth Amendments to the Constitution. In states such as Texas, where they enjoy the right to vote, ex-felons have rejoined the political community and become part of the "people". Tex. Election Code §11.002(a)(4).

The "people" refers to individuals who are "part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990); *see also District of Columbia v. Heller*, 554 U.S. 570, 579 (2008) (noting "the people" as used in the Second Amendment has the same meaning as in the First and Fourth Amendments); *see also Id.* at 644 (Stevens, J., dissenting) (noting that felons may invoke the protections of the First and Fourth Amendments).

Because Section 922(g)(1) regulates conduct protected by the Second Amendment, the government has the burden to prove Section 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2130. Section 922(g)(1) "is firmly rooted in the twentieth century and likely bears little resemblance to laws in effect at the time the Second Amendment was ratified." *United States v. Booker*, 644 F.3d 12, 23 (1st Cir. 2011). Historically, such broad prohibitions did not exist.

Federal gun control statutes did not emerge until the 20th century. Congress enacted the first federal gun control statute in 1938, the Federal Firearms Act. This disarmament statute is well beyond the historical sources cited in *Bruen*. *See Bruen*, 142 S. Ct. at 2119 ("The Second Amendment was adopted in 1791; the Fourteenth in 1868. Historical evidence that long predates or postdates either time may not illuminate the scope of the right"). However, even this 1938 precursor covered those convicted of a limited set of violent crimes such as murder, rape, kidnapping, and burglary. *United States v. Booker*, 644 F.3d 12, 24 (1st Cir. 2011). It was not

until several decades later, in 1968, that Congress passed the Gun Control Act containing today's broad disarmament statute covering those convicted of any felony (including those convicted of nonviolent felonies). Therefore, the government is unable to prove the constitutionality of the statute and the indictment against Mr. Robinson should be dismissed.

A. **18 U.S.C. § 922(g)  exceeds the scope of Congress's authority under the Commerce Clause**.

Unlike the states, Congress does not have a general police power. "The Constitution creates a Federal Government of enumerated powers." *United States v. Lopez*, 514 U.S. 549, 552 (1995). The only enumerated power that might justify laws like § 922(g) is the Commerce Clause: "Congress shall have power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes . . . ." U.S. Const., Art. I, § 8.

The Supreme Court has "identified three broad categories of activity that Congress may regulate under its commerce power":

> *[1] Congress may regulate the use of the channels of interstate commerce. . . .*
>
> *[2] Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities. . . . [and]*
>
> *[3] Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce, . . . i.e., those activities that substantially affect interstate commerce.*

*Lopez*, 514 U.S. at 558.

Section 922(g)'s possession prong is widely understood to reach any act of gun possession if the firearm itself, or even any component used to make the firearm, later travels across a state or international boundary line. This construction of the statute reaches a broad

swath of non-commercial activity that has no connection at all to any of these authorized areas of regulation.

The Fifth Circuit has adhered to the view that Scarborough's "minimal nexus" is sufficient both to prove guilt under the statute and to bring any subsequent act of possession within Congress's power to regulate. *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *see also Scarborough v. United States*, 431 U.S. 563, 577 (1977). Mr. Robinson raises this constitutional challenge as it relates to Section 922(g) exceeding Congress's power under the Commerce Clause to ensure that the issue is preserved for further review.

### IV.     CONCLUSION

For the foregoing reasons, Mr. Robinson prays this Honorable Court grants his Motion to Dismiss the indictment charging Mr. Robinson with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

/s/ Kambira Jones Morgan
**Kambira Jones Morgan, Esq.**
State Bar No. 24078754
The Jones Legal Defense Group, PLLC
2201 Main Street, Suite 800
Dallas, Texas 75201
T:  972.525.7416
F:  972.525.7417
E: kjones@federalcriminaljustice.com
**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties of record by electronic transmission on June 4, 2023.

/s/ Kambira Jones Morgan
Kambira Jones Morgan, Esq.